CRICHTON, J.,
would grant and assigns reasons.
hi would grant the writ, thereby reversing the lower courts and sustaining the improper venue exception with an order to transfer this case to St. Tammany Parish. The record reveals that the parties engaged in discovery during the medical review panel proceedings. Thereafter, the plaintiffs, who reside in Washington 'Parish, filed suit for damages in Orleans Parish against a medical doctor, who resides in Orleans Parish, and several defendants who reside in St. Tammany Parish. The plaintiffs then voluntarily dismissed all claims against the doctor. Despite the language in the appellate court’s writ deni *937 al, it appears that the dismissal was not made pursuant to a compromise or settlement and that this party defendant was utilized solely as a vehicle to establish venue in Orleans Parish. Considering , the applicability of La. C.C.P. art. 42 and the inapplicability of La. C.C.P. art. 73(B), under the circumstances of this case, I believe that venue in Orleans Parish is improper and would order a transfer to St. Tammany Parish for further proceedings in accordance with La. C.C.P. art. 123.